# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1539 | **DATE** | March 28, 2011 |
| **CASE TITLE** | SIMONIAN vs. ASTELLAS PHARMA US INC | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [16] pursuant to Rule 12(b)(6) and Rule 9(b) for failing to state a claim is granted. The complaint is dismissed without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendant Astellas Pharma US Inc. ("Astellas") moves to dismiss pursuant to Rule 12(b)(6) on the basis that plaintiff Thomas A. Simonian fails to state a claim because the complaint does not allege with the requisite Rule 9(b) particularity Astellas' intent to deceive through false patent marking. For the reasons that follow, the motion is granted.

**Background**

Simonian brought the instant *qui tam* lawsuit as relator on behalf of the government under section 292 of the Patent Act, which provides a statutory penalty for false patent marking. See 35 U.S.C. § 292. The complaint alleges that Astellas falsely marked the package insert of its AMEVIVE® prescription pharmaceutical product with an expired patent number. (Complaint, Dkt. # 1.) The complaint also alleges that Astellas continued its insert with the patent number, despite the expiration of the patent. Simonian further alleges that "[u]pon information and belief, Defendant marks the AMEVIVE® product with the expired '281 patent for the purpose of deceiving the public into believing that something contained in or embodied in the product is covered by or protected by the expired '281 patent." (Complaint, Dkt. # 1, ¶27.) Astellas argues that Simonian's complaint should be dismissed for failure to meet the heightened pleading standard of Rule 9(b) because the complaint fails to allege with particularity Astellas' fraudulent intent.

**Legal Standard**

When deciding whether to dismiss a complaint pursuant to Rule 12(b)(6), the court must accept as true all well-pleaded allegations (Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 59 (2007)), and draw all reasonable inferences in favor of the nonmoving party. Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007). In order to withstand a motion to dismiss a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The pleader must show that it is plausible, rather than merely speculative, that he is entitled to relief. INEOS Polymers, Inc. v. BASF Catalysts, 553 F. 3d 491, 497 (7th Cir. 2009).

For fraud-based claims, such as false patent marking under section 292, the heightened pleading

| STATEMENT |
|---|

requirements of Rule 9(b) apply. In re BP Lubricants USA Inc., 2011 U.S. App. LEXIS 5015 (Fed. Cir. Mar. 15, 2011).  Rule 9(b) requires that a plaintiff set forth with particularity the activities underlying the alleged fraud, including the dates, times, places, and the identity of those involved. See Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 509 (7th Cir. 2007).  The allegations must state, essentially the first sentence of a newspaper story: "the who, what, when, where, and how" of the conduct alleged. DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990).

**Discussion**

Section 292 states in pertinent part, that "whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public… [s]hall be fined not more than $500 for every such offense." 35 U.S.C. § 292.

Here, Astellas argues that this Court should dismiss the complaint because Simonian fails to allege with particularity the requisite intent to deceive.  Relator Simonian responds that Rule 9(b) does not require averments of intent to be stated with particularity and thus, Simonian contends he sufficiently pled false marking.  In re BP Lubricants is the Federal Circuit's first consideration of the pleading requirements for false patent marking claims under section 292.  In that case, the court held that "Rule 9(b)'s particularity requirement applies to false marking claims and that a complaint alleging false marking is insufficient when it only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." In re BP Lubricants, 2011 U.S. App. LEXIS 5015, at *2.  The complaint at issue here contains precisely the same generalized allegations that the Federal Circuit rejected in BP Lubricants.  The complaint alleges that Astellas is a "sophisticated company" that "knows, or reasonably should know, of the requirements of 35 U.S.C. § 292," (Complaint, Dkt. # 1, ¶13), and that Astellas "knows, or should know (by itself or by its representatives), that the '281 Patent marked on the AMEVIVE® product has expired." (Complaint, Dkt. # 1, ¶24).  Accordingly, Simonian has failed to sufficiently plead the requisite intent for false marking and this Court grants Astellas' motion to dismiss.  The complaint is dismissed without prejudice.

**Conclusion**

Defendant Astellas Pharma US Inc.'s motion to dismiss [16] plaintiff's complaint pursuant to Rule 12(b)(6) and Rule 9(b) for failing to state a claim is granted.  The complaint is dismissed without prejudice.